JOHN H. BROWNING & others *vs.* JEFFERSON BANCROFT.

An appeal from the judgment of the court of common pleas on a plea in abatement
was entered in this court, and dismissed for want of jurisdiction. *Held,* that the
court of common pleas might order the case to be brought forward upon its docket,
on motion of the appellee, and might proceed to the final disposition of the action.
A., being deceived by false representations made to him by B., sold goods to B., and
took his promissory note for the price: B. sold part of the goods, and received
payment therefor: A. rescinded the contract of sale, on the ground of the fraud
practised on him by B., and brought an action against B., to recover the money
received by him for the goods which he had sold, and directed the officer to attach
B.'s property, but did not specify the property to be attached: The officer attached,
on A.'s writ, and on other writs against B., the residue of the goods sold to him
by A., and A. entered and prosecuted his said action: A. afterwards gave notice
to the officer that he had rescinded the contract of sale to B., and after demand-
ing of the officer the goods which he had thus attached, brought an action of re-
plevin against him to recover those goods. *Held,* that A. had not affirmed any
part of the contract of sale to B., and that he was not precluded from maintain-
ing his action of replevin against the officer.

THIS was an action of replevin, commenced on the 16th of
May 1842, and entered at the following June term of the court
of common pleas.   The defendant pleaded in abatement, and
on a demurrer to the plea, judgment was rendered for the plain-
tiffs, and the defendant appealed to the supreme judicial court.
At the October term of this court, 1842, the appeal was dis-
missed, on the ground that the court had no jurisdiction thereof
See 5 Met. 88.

After the entry of the appeal, the clerk of the court of com-
mon pleas did not carry forward the action on his docket, and
it was not reëntered thereon, by either party, until September
term 1843, when it was done, by order of the court, on the
plaintiffs' motion, though this motion was resisted by the defend-
ant, who thereupon gave notice, that, if judgment in that court
should be against him, he should file exceptions to the ruling of
the court as to the said motion of the plaintiffs.

In August 1843, the defendant instituted an action, on the
replevin bond given to him when the present suit was com-
menced, against the plaintiffs and their sureties, for breach of the
condition thereof, in not prosecuting said suit to final judgment.
This action on the replevin bond was entered at the September

term of the court of common pleas, in 1843.   After the present action was brought forward on the docket, as above stated, the defendant moved for leave to discontinue the said action which he had brought on the replevin bond.   Leave so to do was granted by the court, and said action was discontinued.

At the trial of the present action, in the court of common pleas, before *Merrick* J. at the December term 1843, the plaintiffs introduced evidence tending to show their ownership of the goods replevied ; that these goods, with other merchandize, were obtained from them by Nathaniel Sleeper, by means of false and fraudulent representations made to them by him, on the faith of which they sold and delivered said goods and merchandize to him, and took his promissory note for the price thereof; that the plaintiffs, having discovered the fraud practised on them by Sleeper, duly rescinded said contract of sale, before the commencement of the present action, and gave notice to the defendant, and demanded of him the goods replevied in this suit.

The defendant filed a specification of defence, and offered evidence tending to support it, by which he justified his taking and detention of the goods replevied, by virtue of attachments thereof upon several writs against said Sleeper, and, among others, upon one sued out by the plaintiffs, on the 6th of May 1842, and delivered to the defendant, on which he was ordered to attach Sleeper's property generally, and on which several suits, he did attach the replevied goods and other property of Sleeper, and made due return of said attachments on said writs, all of which were entered in court ; the plaintiffs' said writ being returnable to the supreme judicial court, at the October term 1842, and being then and there entered, and afterwards prosecuted, and still pending there.   The defendant also offered evidence tending to prove that the plaintiffs, when they sued out their said writ against Sleeper, had no other demand against him besides the said promissory note given by him on the sale of said goods and merchandize; that said writ contained the money counts, and counts for goods sold and delivered, and a count upon an account annexed to the writ " for balance of

goods sold ; " and that the *ad damnum*, and the sums mentioned in those counts, were large enough to cover a judgment on the note.

The plaintiffs denied that said suit was brought on the note, and alleged that it was brought to recover only the money had and received by Sleeper for such portion of said goods and merchandize as he had sold and converted into money, before the plaintiffs had discovered the fraud aforesaid and had rescinded said contract of sale. And they offered evidence to support their allegation.

The defendant contended that, as the plaintiffs had ordered him to attach property, and he had attached, on their writ, the goods now replevied by them, as the property of Sleeper, and had made return of that attachment, and as the plaintiffs had entered their action against Sleeper, and prosecuted it, and still continued to prosecute it, they could not recover the same goods of the defendant, in this action. And the defendant further contended, that the plaintiffs had affirmed their said sale to Sleeper, by bringing their said action against him; and that they were thereby precluded from maintaining the present action, if they had waived the tortious taking of any part of said goods by him, and brought an action *ex contractu* for any part thereof, or for the proceeds of the goods, as goods sold by him.

The court left the several questions of fact to the jury, and instructed them, " that the plaintiffs were entitled to recover in this action, if, upon the whole evidence, the jury were satisfied that the goods replevied were fraudulently obtained from them, by Sleeper, by false and fraudulent representations, and if they had, within a reasonable time after the discovery by them of the fraud, and before the commencement of this suit, duly rescinded the said contract of sale, and had given notice thereof to the defendant, and demanded of him the goods in question : That the bringing of their action of assumpsit against said Sleeper, in the form in which it was brought, was not necessarily a waiver of the tortious taking of the goods replevied, and an affirmation of the sale thereof, but might be considered as evidence tending to prove such waiver and affirmation · That it

the plaintiffs, in the said action against said Sleeper, intended to claim, in that form, payment for the goods replevied, or for said promissory note, the commencement and prosecution of such suit would be such a waiver of the tortious taking, and such an affirmation of the sale, as would be conclusive upon them; but if the plaintiffs instituted that suit, and proved their declaration in the writ, only for the purpose of recovering the money received by the said Sleeper for the portion of the said goods and merchandize which he had sold and converted into money, and not for the purpose of recovering the contents of said promissory note, or the price or value of the goods replevied, then that suit would not preclude the plaintiffs from maintaining the present action : That the intention of the plaintiffs, in bringing and prosecuting said suit, was a question of fact, to be determined by the jury upon all the evidence in the case, and that the order of the plaintiffs to the defendant to attach, on their said writ against said Sleeper, his property generally, without any direction to him to attach the goods in question, and his attachment of the said goods, and his retention and return of them on said several writs of the plaintiffs and other creditors of said Sleeper, after notice of the rescinding of said contract of sale, and a demand made by the plaintiffs on the defendant for said goods, and the continued prosecution of said suit by the plaintiffs, with the intention and for the purpose aforesaid, alleged by them, constituted no bar to the maintenance by them of this action of replevin."

The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions to the instructions of the court.

*B. F. Butler*, for the defendant. 1. There was a discontinuance of this action, and there was no authority to bring it again into court. Rev. Sts. *c.* 82, §§ 6 – 10. *St.* 1840, *c.* 87, § 5. 2. The plaintiffs cannot maintain the action of replevin, because they attached the goods before they replevied them, and entered, and have hitherto prosecuted, the action in which their attachment was made. 3. The plaintiffs have waived the tortious taking by Sleeper, by suing him for the price of the goods. The sale was affirmed by the action of assumpsit containing counts

24 *

sufficient to cover the whole value of the goods. *Butler* v. *Hildreth*, 5 Met. 49. The sale was an entire transaction, and part of the goods cannot be sued for in tort, and another part in contract. By attaching the property as Sleeper's, the plaintiffs are estopped to sue the defendant in replevin, and thus claim the property as their own.

*Hopkinson*, for the plaintiffs. 1. The case never should have gone from the docket of the court of common pleas; and it was the defendant's fault that it was not continued on the docket, or restored to it. It was within the power of the court, in its discretion, to order the action to be brought forward, on the plaintiffs' motion.

2. 3. The jury have found that the plaintiffs brought their action of assumpsit against Sleeper, to recover the proceeds of the goods sold by him, and not for the price of the whole of the goods sold to him. They are, therefore, not thereby precluded from reclaiming the residue of the goods in an action of replevin. They ordered the defendant to attach Sleeper's property generally, but not these goods. And though he attached these goods, yet the plaintiffs informed him that they disaffirmed the contract of sale, and they demanded a delivery to them of the goods which he had attached. In *Butler* v. *Hildreth*, the plaintiff was barred, because his first suit was brought with knowledge of all the facts which he knew when he brought his second suit.

HUBBARD, J. It is objected, in this case, that there was a discontinuance of the suit in the court of common pleas, and that the court erred in directing the action to be brought forward.

We consider this point settled in the case of *Commonwealth* v. *Moore*, 3 Pick. 194, where it was held that the court had full power to direct the continuances to be entered, and the cause to be brought forward. See also *Ely* v. *Ball*, 8 Pick. 352. And except in cases of gross negligence, it would be the duty of the court to direct the clerk to enter the continuances, and reinstate the case upon the docket. Such a power is necessary for the proper regulation of the practice of the court from which appeals are made, and to which causes are remitted for further

proceedings. The action is not discontinued in consequence of its removal to the supreme judicial court. And when it is remanded back, it is not the commencement of a new suit, but merely the restoration of the former case; and it must therefore be brought forward by continuances, if more than one term has intervened during the time it was pending in this court. But where the party, whose duty it is to bring the action forward, is guilty of gross neglect in regard to it, he shall be held to have discontinued the suit. But of that fact the court of common pleas are the judges.

But the exception most relied upon is, that the commencement and prosecution of the action of assumpsit, by the plaintiffs, against Sleeper, affirmed the contract, and that, in consequence thereof, this action for the goods themselves cannot be maintained. But we think the case was put to the jury under correct instructions, that if they were satisfied, upon the evidence, that the action of assumpsit was only brought to recover the value of the goods sold by Sleeper, and which the plaintiff could not reach by his action of replevin, then there was no affirmance of the contract. This is not the case of an affirmance of any part of the original contract. If it were, it would present a very different question from the one now before us. But it is a pursuing of the appropriate remedy to obtain the value of those goods which had been obtained by fraudulent representations, of such a character as to avoid the sale; and which goods, in consequence of the disposition made of them, the plaintiff could not secure by his action of replevin. The form of action here adopted is often the most convenient, where only damages can be recovered; and the mere adoption of the form does not, under the circumstances, change the nature of the plaintiffs' claim, nor affect their right to recover specifically the goods which the party had not sold when his fraud was discovered. In the case cited, *Butler* v. *Hildreth*, 5 Met. 49, the party, with a knowledge of all the circumstances, elected to pursue his remedy on the contract, and not to resort to his action on the case for the tort committed; and the court held the plaintiff, in consequence of such knowledge, bound by his elec-

tion. But here the jury directly negative such an election, or that the plaintiffs in any way affirmed the contract. We are clearly of opinion, that the charge of the learned judge was correct. The exceptions are therefore overruled, and there must be

*Judgment on the verdict.*